UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Ernest Harrell, | § | CIVIL ACTION NO. 15-10 |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| Akal Security, Inc., | § | |
|     Defendant. | § | A JURY IS DEMANDED |

**ORIGINAL COMPLAINT**

Had the defendant judged Ernest Harrell on the quality of his work, it never would have removed him from his job as a Court Security Officer. Instead, after almost 13 years of excellent service, Akal removed him from the job because the United States Marshals Service wrongly perceived he had a disability: diabetes. This is a clear violation of the Americans with Disabilities Act. Employers are not permitted to remove qualified workers with perceived disabilities, even where they sign contracts with third parties that permit such discrimination. Akal's actions are especially inappropriate because the company refused to forward documentation to the USMS that Mr. Harrell had provided them that showed he did not have the disability they wrongly perceived him to have.

PARTIES

1. The plaintiff Ernest Harrell is an individual who resides in Beaumont, Texas.

2. The defendant Akal Security, is a New Mexico corporation doing business in Texas, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Ave., Suite 900, Dallas, Texas  75201.

## JURISDICTION

3. This case is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. This Court has jurisdiction of this case according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. Venue is invoked pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3)

## STATEMENT OF THE PLAINTIFFS' CASE

5. The plaintiff has been in law enforcement for more than 40 years.  After serving in the U.S. Army, he worked for the Jefferson County Sheriff's Department for 27 years.  In 2001, he was hired as a Court Security Officer (CSO) at the federal courthouse in Beaumont, Texas. He did this job for almost 13 years to the satisfaction of his employer and the judges he was assigned to protect.

6. In 2014, Mr. Harrell lost his job because of a perception that he had diabetes, which he does not.  At one time, he once took oral medications because he had been diagnosed with pre-diabetes, but he stopped that in 2004.  His doctor confirms that he does not have diabetes.

7. Akal has subjected Mr. Harrell to annual medical exams since 2004, but diabetes did not cause any employment discrimination until 2014, when, because of a bungled belief that Mr. Harrell has diabetes, it ordered him to undergo a barrage of tests and comply with a host of requests about diabetes.  He does not have diabetes, yet Akal ordered him to provide, within an inflexible deadline, a great deal of medical information about diabetes and its effects on him, including undergoing a series of tests that could not be completed by the inflexible deadline.

His V.A. physician advised that he did not need any of this testing *because he does not have diabetes*. His personal physician agreed.

8.	Mr. Harrell sought an extension of the time for providing these test results, but Akal refused. He was baffled by this, especially since he gets his medical care at the Veteran's Administration, which is really not in a position to schedule unnecessary tests quickly; they need to spend their time helping veterans who really do need health care.

9.	Instead of assisting Mr. Harrell, who was doing a fine job as a CSO, Akal refused to forward information from his doctor showing that he did not have diabetes at all. Akal claimed they could not send information that was incomplete, but cannot explain why anyone would be prohibited from clearing up the government's misperception that he had a disability.

10.	On May 20, 2014, Akal advised Mr. Harrell that he had been dismissed from his CSO job. He had been suspended from the job six days earlier. Akal had previously told him that they had no choice but to dismiss him because of its contract with the United States Marshals Service. Akal told him that it had no authority to extend deadlines, and had no choice under its contract with the USMS: it would have to remove him from the contract if he didn't provide follow-up information within 60 days. The delegation of such authority over an Akal employee is a direct violation of the Americans With Disabilities Act, , 42 U.S.C. 12112(b)(2), which defines unlawful discrimination as "participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter." And Akal knows this is unlawful after the EEOC issued a cause determination in a similar case, and Akal litigated the

issue before a different federal district court.  *See Wise v. Akal Security,* 2005 WL 3487741 (W.D. Tex. 2005).

<u>Disability Discrimination</u>

11. Akal Security's conduct violates the Americans with Disabilities Act, which prohibits discrimination in employment on the basis of disability. See 42 U.S.C. 12112(b). The law defines unlawful discrimination as "participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter." 42 U.S.C. 12112(b)(2). Akal Security cannot contract out of its obligations under the disability law by allowing the government to make a decision that is illegal under the ADA and then blindly going along with it. Akal made a decision to terminate Mr. Harrell's employment even though it knew he did not have diabetes, because the government perceived he did. Rather than doing the right thing and telling the government it had made a mistake, Akal simply dismissed him.

12. The plaintiff timely filed a charge of discrimination to challenge the disability discrimination he suffered by Akal Security. More than 180 days have passed since he filed a charge of discrimination with the Equal Employment Opportunity Commission. He received a right to sue from the Equal Employment Opportunity Commission on his charge of discrimination against Akal Security and Mr. Harrell timely files this lawsuit to vindicate his rights. He has exhausted all administrative prerequisites to filing this suit.

<u>Damages</u>

13. The damages suffered by the plaintiff include lost wages and benefits as well as compensatory damages for the injuries suffered at the hands of the defendant, including, but not limited to, mental anguish.

14. Further, because Akal Security's actions were of the sort that render the imposition of exemplary damages appropriate, the plaintiff is entitled to an award of these damages, which he seeks.

## RELIEF REQUESTED

The plaintiff asks this court to enter a judgment:

1. Declaring that the acts and practices complained of in this Complaint are in violation of the Americans with Disabilities Act;

2. Enjoining and permanently restraining these violations of law;

3. Directing the defendant to pay the plaintiff actual and compensatory damages that he suffered, past and future;

4. Directing the defendant to pay plaintiff exemplary damages for its conduct in an amount as yet to be ascertained;

5. Awarding plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

6. Awarding plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

7. Awarding plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

8. Awarding plaintiff such other relief, legal or equitable, as may be warranted.

Respectfully submitted,

_____
Katherine L. Butler
State Bar No. 03526300

Butler & Harris
1007 Heights Boulevard
Houston, Texas  77008
(713) 526-5677
Fax (713) 526-5691

John W. Griffin, Jr.
State Bar No. 08460300
Marek, Griffin & Knaupf
203 North Liberty Street
Victoria, Texas  77901
(361) 573-5500 – Telephone
(361) 573-5040 – Telecopier

Counsel for the Plaintiff